[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF LAW RE: MOTION TO DISMISS
In this matter the plaintiff seeks to evict a tenant whose premises have allegedly been used for the sale of drugs. The defendant moves to dismiss the Amended Complaint dated October 22, 1991 on several grounds.
The court finds that the first ground cited is dispositive of the motion. CT Page 1931
On August 15, 1991, the plaintiff issued a notice-to-quit to the defendant to vacate the premises on or before August 26, 1991. The reasons stated were as follows: (a) violation of the lease and rules and regulations adopted by the plaintiff: (b) due to serious nuisance as defined in 47a-15 (d) of the C.G.S.
On September 11, 1991 after the defendant failed to vacate, the plaintiff filed a complaint with the Housing Court and later amended the complaint on October 22, 1991. Paragraph 5 alleged a violation of "the Rider to the Dwelling Lease" by virtue of "illegal drug related criminal activities" occurring at the premises, a reason not listed on the notice to quit; and paragraph 6 alleged that these activities not only violated sections of the General Statutes but certain sections of the leasehold agreement. These references to the lease were not specified in the notice-to-quit.
It is axiomatic that summary process is a creature of statute and that the statute must be strictly construed. Jo-Mark Sand and Gravel Co. vs. Pantanella, 139 Conn. 598. Paragraph (b) of Section 47a-23 notes that the notice-to-quit shall state the reasons for the termination of the tenancy.
The complaint and the notice "ought not to be at substantial variance" with the summary process complaints. Park View West Associates v. Morris Bloom, Sp-H-7902-595, H 23. In Ofstein v. Galarza, SP-H-8501-26855, H No. 668, the court addressed the effectiveness of a notice to quit which gave as the reason "violation of housing code ordinances". In the complaint the plaintiff alleged non-payment and failure to abide by state and local laws pertaining to health and safety. The court found that the variance between the notice to quit and the complaint was fatal as to the allegation of non-payment. This is analogous to the allegation in paragraph 4 and 5 of the Amended Complaint here which mentions the rider for the first time.
Further, the court finds that the reasons stated on the notice to quit are too general to serve the function of giving notice. Meaningful notice is a prerequisite for due process. It is not sufficient to apprise the defendant that he is in violation of the rules and regulations without specifically stating which particular paragraphs or numbers of the rules and regulations he has violated. It is not sufficient to state that the reason is serious nuisance as defined in Section 47a-15(d). That section specifies four meanings including the infliction or threatening the infliction of bodily harm on another tenant or the landlord: substantial and willful destruction of the dwelling unit; conduct presenting an immediate and serious danger to the safety of other tenants or the landlord; and using the premises for prostitution or the illegal sale of drugs. The range of the definition alone is sufficient to negate the spirit of CT Page 1932 giving notice when no further description is given on the notice to quit.
For these reasons the court finds that the notice to quit is deficient. "It is fundamental to our summary process proceedings that the issuance of a proper notice to quit is a condition precedent to the commencement of a successful summary process complaint." Rosato v. Keller, SP-H-7904-1176 H No. 45. Accordingly, the court lacks subject matter jurisdiction.
Because this first grounds is dispositive of the motion, the court does not address the remaining grounds.
LEHENY, J.